[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Plaintiff Richard L. Bishop appeals the decision of the defendant commissioner of social services denying him benefits under the Medicaid program, Title XIX of the Social Security Act. The defendant commissioner has moved to dismiss the appeal on the basis that the plaintiff has failed to comply with the court's orders to file his brief in violation of Practice Book § 257.
The plaintiff applied for the Medicaid benefits in November 1994. The commissioner denied the application twice, first on the basis that the plaintiff's assets exceeded the Medicaid limit and the second time on the basis that the plaintiff had transferred assets for less than the fair market value. The plaintiff filed this appeal of the commissioner's denial of benefits in April 1995.
The commissioner duly filed the record and answer to the appeal in April 1995, and the court ordered the plaintiff to file his brief in support of his appeal on or before July 8, 1995. Plaintiff's counsel then sought and received from the court numerous extensions of time to file his brief, all without objection from the defendant commissioner. Of course, counsel for the commissioner also received commensurate extensions of time to file the reply brief.
The court's last order required the plaintiff to file a brief on or before October 15, 1996. The plaintiff failed to do so, and the commissioner filed the present motion on October 23, 1996. Plaintiff's counsel then filed his brief on November 1, 1996.
Practice Book § 257 permits the court to impose a variety of sanctions when a party to an administrative appeal fails to comply with the court's scheduling orders. The most severe of these, for a plaintiff, is dismissal of the appeal. Other CT Page 510 sanctions include an award of attorney fees and/or costs to the other party.
In the present case, counsel for the plaintiff pointed out at the hearing on this motion that he had obtained the court's permission to defer filing his brief until October 15, 1996. He stated that he had suffered an asthma attack that caused him to miss that deadline. He argues that his delinquency and the consequent delay in addressing his client's appeal does not result in any hardship to the state, which is still holding the money that the plaintiff claims should be expended for his benefit.
This court has not been reluctant, in appropriate circumstances, to dismiss an appeal for failure of a plaintiff to comply with the court's scheduling orders. See Rondinone v.Commissioner of Motor Vehicles, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV96 055 63 12, (September 16, 1996, Maloney. J.); Adams v. Commissioner ofIncome Maintenance, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV93 0525333, (August 2, 1994, Maloney, J.). Such drastic action, however, which forever deprives a party of his or her day in court, must be reserved for those cases where the plaintiff has effectively abandoned the appeal, as in Adams, supra, or where other compelling factors, such as the safety of the public inRondinone, supra, support termination of the plaintiff's appeal.
In the present case, the plaintiff has not abandoned his case; in fact, counsel has at last filed his brief. The public interest has not suffered nor is it presently jeopardized by the delay in resolving the appeal. The interest of the state in the subject matter of the appeal is not prejudiced by the delay. Indeed, the big loser is the plaintiff himself, for it is his claim for benefits from the state that is being delayed by the failure to comply with the court's order.
Nevertheless, counsel for the defendant commissioner justifiably argues that the plaintiff's delinquency is disrespectful and causes inconvenience, citing the many requests for extensions of time, the eventual failure to meet the court's deadline, the consequent disruption of workflow and case assignment in the attorney general's office, and the necessity of filing the motion to dismiss. Counsel for the commissioner argues that at the least the court should award the commissioner costs CT Page 511 of the motion and attorney fees associated therewith. The court agrees.
The motion to dismiss is denied. Plaintiff is ordered, however, to pay to the attorney general, in behalf of the commissioner of social services, the costs of this motion and reasonable attorney fees incurred in prosecuting it. Counsel for the commissioner is instructed to file an affidavit or other proof of such costs and fees.
The commissioner is ordered to file her brief in reply to the plaintiff's brief on or before March 14, 1997. The extra time is allowed because of the disruption occasioned by the plaintiff's delinquency.
MALONEY, J.